IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:16-CV-2532-WBS-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's first amended complaint (ECF No. 26).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply, concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the

1

complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996). Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard. Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

Plaintiff names the following as defendants: (1) Total Renal Care, Inc.; (2) Davita Healthcare, Inc.; (3) San Joaquin Kidney Clinic, Inc.; (4) San Joaquin General Hospital; (5) Segriddy; (6) Carman; (7) Stacy; (8) Denise; (9) Irene; (10) Kent; (11) Jamie; (12) Foroutan; (13) K. Min; (14) Alex; (15) Frank; and (16) Butts. See ECF No. 26, pgs. 1-2.

Plaintiff raises two claims. First, plaintiff alleges that the defendants violated his 8th Amendment rights by conspiring to do him harm in the course of medical treatment. Generally, plaintiff alleges that (1) defendants deprived him of crucial hemodialysis and "declot" treatment; (2) defendants isolated him in a hepatitis B room as retaliation for complaining; (3) once given treatment, plaintiff was unnecessarily restrained; and (4) he was improperly implanted with a catheter in his chest, resulting in a dangerous infection. See ECF No. 26, pgs. 5-8. Plaintiff claims that defendant Forountan, a doctor at San Joaquin General Hospital, refused plaintiff's requests to provide him with "declot" treatment. After this denial, he was denied further treatment for three weeks. Id.

Second, plaintiff alleges that his 1st Amendment rights were violated when defendants retaliated against him for making grievances regarding their medical treatment and reporting a patient murder to the "public health department." See ECF No. 26, pgs. 9-13. Specifically, plaintiff claims that defendants: Segriddy, Carman, Stacy, Denise, Irene, Kent, Jamie, Foroutan, Min, Alex, Frank, and Butts conspired to place plaintiff in a hepatitis B isolation room for commencing grievance procedures against them, as well as reporting the murder of a patient. Id.

2

## II. DISCUSSION

Plaintiff has failed to state a claim under 42 U.S.C. § 1983.

### A. **Causal Connection**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, plaintiff alleges all the named defendants, generally, conspired to provide him with sub-standard medical treatment and cause him harm. However, plaintiff's factual allegations are broad and vague. Plaintiff does not allege how any of the individual defendants' personal conduct violated his constitutional rights. Plaintiff simply lists off each defendant by name and proceeds to broadly allege that they deprived him of adequate medical treatment without explaining each individual's specific role in the alleged wrong. Plaintiff does mention that defendant Forountan refused plaintiff's requests to provide him with "declot" treatment. See ECF No. 26, pg. 7. While such an allegation is the sort of causal connection which may bring about a cognizable claim, it by itself, does not pass § 1983 muster, as will be discussed in the analysis of plaintiff's 8th Amendment claim.

/ / /

/ / /

/ / /

/ / /

**B.     Supervisor Liability**

As with plaintiff's original complaint, the Court observes multiple defendants named in the complaint hold supervisory positions. Supervisory personnel are generally not liable under § 1983 for the actions of their employees. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that there is no respondeat superior liability under § 1983). A supervisor is only liable for the constitutional violations of subordinates if the supervisor participated in or directed the violations. See id. The Supreme Court has rejected the notion that a supervisory defendant can be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct because government officials, regardless of their title, can only be held liable under § 1983 for his or her own conduct and not the conduct of others. See Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Supervisory personnel who implement a policy so deficient that the policy itself is a repudiation of constitutional rights and the moving force behind a constitutional violation may, however, be liable even where such personnel do not overtly participate in the offensive act. See Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution." Iqbal, 662 U.S. at 676.

Here, plaintiff appears to allege some of the defendants are liable as supervisory personnel—asserting that as supervisors, these defendants are liable for the conduct of their subordinates. This is a respondeat superior theory of liability, which is not cognizable under § 1983. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Plaintiff is advised that in amending the complaint, he should be cognizant of the legal standard related to supervisory liability, outlined above, and note that a supervisor can only be held liable for their own actions or inactions resulting in the violation of plaintiff's constitutional rights, not the actions or inactions

of their subordinates.

    **C.**    <u>**8th Amendment – Deliberate Indifference**</u>

The treatment a prisoner receives in prison and the conditions under which the prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel and unusual punishment. See <u>Helling v. McKinney</u>, 509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment ". . . embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." <u>Estelle v. Gamble</u>, 429 U.S. 97, 102 (1976). Conditions of confinement may, however, be harsh and restrictive. See <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347 (1981). Nonetheless, prison officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." <u>Toussaint v. McCarthy</u>, 801 F.2d 1080, 1107 (9th Cir. 1986). A prison official violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm. See <u>Farmer</u>, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind." <u>See</u> id.

Deliberate indifference to a prisoner's serious illness or injury, or risks of serious injury or illness, gives rise to a claim under the Eighth Amendment. See <u>Estelle</u>, 429 U.S. at 105; see also Farmer, 511 U.S. at 837. This applies to physical as well as dental and mental health needs. See <u>Hoptowit v. Ray</u>, 682 F.2d 1237, 1253 (9th Cir. 1982), abrogated on other grounds by <u>Sandin v. Conner</u>, 515 U.S. 472 (1995). An injury or illness is sufficiently serious if the failure to treat a prisoner's condition could result in further significant injury or the ". . . unnecessary and wanton infliction of pain." <u>McGuckin v. Smith</u>, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by <u>WMX Techs., Inc. v. Miller</u>, 104 F.3d 1133 (9th Cir. 1997) (en banc); <u>see also</u> <u>Doty v. County of Lassen</u>, 37 F.3d 540, 546 (9th Cir. 1994). Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is chronic and accompanied by substantial pain. See <u>Lopez v. Smith</u>, 203 F.3d 1122,

1131-32 (9th Cir. 2000) (en banc).

The requirement of deliberate indifference is less stringent in medical needs cases than in other Eighth Amendment contexts because the responsibility to provide inmates with medical care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The complete denial of medical attention may constitute deliberate indifference. See Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203 F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. See McGuckin, 974 F.2d at 1060.

Negligence in diagnosing or treating a medical condition does not, however, give rise to a claim under the Eighth Amendment. See Estelle, 429 U.S. at 106. Moreover, a difference of opinion between the prisoner and medical providers concerning the appropriate course of treatment does not give rise to an Eighth Amendment claim. See Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Here, plaintiff has not alleged sufficient facts to establish an 8th Amendment violation. Plaintiff did not allege facts supporting an allegation that any defendant acted unnecessarily and wantonly for the purpose of inflicting harm on plaintiff. Plaintiff does mention that defendant Forountan refused plaintiff's requests to provide him with "declot" treatment. See ECF No. 26, pg. 7. However, there is no further explanation as to the context of this denial. Plaintiff does not state why Forountan denied him treatment and does not allege that Forountan withheld "declot" treatment in order to inflict harm on the plaintiff. If such a claim was made, it is nowhere clear in the complaint.

Additionally, it appears plaintiff's claim is, at least in part, based on a theory of negligence. Because negligence in treating a medical condition does not give rise to an 8th Amendment violation, any allegations related to alleged negligence fail to state a claim under § 1983. See Estelle, 429 U.S. at 106. Because plaintiff has failed to allege sufficient facts to

establish an 8th Amendment claim, failed to link any defendant to any alleged misconduct, and rooted his allegations in a theory of negligent medical treatment, plaintiff's 8th Amendment claim cannot pass screening.

Plaintiff will be granted leave to amend his complaint. He is advised to avoid using vague and conclusory language of "deliberate indifference" to establish a claim. Specific factual allegations of each defendant's individual misconduct are required to establish a § 1983 claim.

### D.     1st Amendment – Retaliation

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

As to the chilling effect, the Ninth Circuit in Rhodes observed: "If Rhodes had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect." Id. at n.11. By way of example, the court cited Pratt in which a retaliation claim had been decided without discussing chilling. See id. This citation is somewhat confusing in that the court in Pratt had no reason to discuss chilling because it concluded that the plaintiff could not prove the absence of legitimate penological interests. See Pratt, 65 F.3d at 808-09. Nonetheless, while the court has clearly

stated that one of the "basic elements" of a First Amendment retaliation claim is that the adverse action "chilled the inmates exercise of his First Amendment rights," id. at 567-68, see also Resnick, 213 F.3d at 449, the comment in Rhodes at footnote 11 suggests that adverse action which is more than minimal satisfies this element. Thus, if this reading of Rhodes is correct, the chilling effect element is essentially subsumed by adverse action.

Here, plaintiff claims that defendants: Segriddy, Carman, Stacy, Denise, Irene, Kent, Jamie, Foroutan, Min, Alex, Frank, and Butts conspired to place plaintiff in a hepatitis B isolation room for commencing grievance procedures against them, as well as reporting the murder of a patient. See ECF No. 26, pgs. 12-13. As alleged, plaintiff properly claims he was engaged in protected conduct, reporting both a murder and the misconduct of his medical care professionals. Also, it seems clear defendants' actions, if adverse, would have a chilling effect on the plaintiff. However, plaintiff has not alleged sufficient facts to establish a retaliation claim under the 1st Amendment.

First, plaintiff does not provide any context for the alleged adverse action. It is not clear what plaintiff means by the allegation that defendants "conspired" to place plaintiff in a hepatitis B isolation room. See ECF No. 26, pg.12. There is no mention as to what any individual defendant actually did to place the plaintiff in the room. Second, there is not factual context for which placing defendant in isolation could be seen as "adverse." Plaintiff does not state that he did not require isolation, nor that the isolation was a pretext for some other nefarious purpose. Third, plaintiff states no facts alleging that this action, if adverse, failed to serve some penological purpose. Therefore, plaintiff has failed to state a claim under the 1st Amendment.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Thus, following dismissal with leave to

amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action. See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110. Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b). See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's first amended complaint is dismissed with leave to amend; and
2. Plaintiff shall file a second amended complaint within 30 days of the date of service of this order.

Dated: October 1, 2019

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE