**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:16-CV-2532-WBS-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Before the Court is Plaintiff's third amended complaint. ECF No. 34. The Court grants Plaintiff leave to amend the defects discussed below.

**I. SCREENING REQUIREMENT**

The Court must screen complaints from prisoners seeking relief against a governmental entity, officer, or employee. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2).

A complaint must contain a short and plain statement of the claim that a plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). The complaint must provide "enough facts to state a claim

to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Id. at 678–79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). Plaintiffs must demonstrate that each defendant personally participated in the deprivation of the plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint does not state a claim. Iqbal, 556 U.S. at 679. The complaint need not identify "a precise legal theory." Kobold v. Good Samaritan Reg'l Med. Ctr., 832 F.3d 1024, 1038 (9th Cir. 2016).

The Court must construe a pro se litigant's complaint liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)). The Court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Hayes v. Idaho Corr. Ctr., 849 F.3d 1204, 1208 (9th Cir. 2017).

## II. PLAINTIFF'S ALLEGATIONS[1]

Plaintiff brings suit against thirty-one defendants.[2] ECF No. 30 at 7–11. Plaintiff names the following employees of the California Department of Corrections and Rehabilitation (CDCR) as defendants: (1) B. Duffy, a warden with the California Department of Corrections Rehabilitation (CDCR); (2) J. Clark, a chief medical officer with CDCR; (3) Butts, a medical doctor with CDCR; (4) Ko, a medical doctor with CDCR; (5) D.J. Jacobs, a medical doctor with CDCR;

---

[1] As discussed below, Plaintiff's complaint is essentially the same as his previous complaint, and the Court takes its summary of Plaintiff's allegations from its previous screening order. See ECF No. 33.

[2] The Court takes the defendants' alleged occupations and spelling of the defendants' names directly from the operative third amended complaint.

1  (6) O. Abu, a physician assistant with CDCR; (7) O. Kkinola, a physician assistant with CDCR; (8)
2  S. Agarwal, a medical doctor with CDCR; (9) M. Qureshi, a medical doctor with CDCR; (10) R.
3  Hewitt, a health records director with CDCR; (11) D. Chanden, a supervising registered nurse with
4  CDCR; (12) M. Cross, a health care appeals nurse with CDCR; (13) A. Adams, a medical doctor
5  with CDCR; (14) N. Malakkla, a medical doctor with CDCR; (15) R. Recarey, a chief executive
6  officer with CDCR; (16) C. Hammer, a chief support executive with CDCR; (17) J. Lewis, a deputy
7  director with CDCR; and (18) S. Gates, a "chief" with CDCR. Id. He also names a Sergeant Biggs,
8  apparently a correctional officer with CDCR. See id. at 1, 39.

9  Plaintiff further names the following privately employed defendants: (1) Foroutan,
10 a medical doctor at San Joaquin General Hospital (SJGH); (2) Alex, a medical doctor at SJGH; (3)
11 Frank, a medical doctor at SJGH; (4) K. Min, a medical doctor at SJGH; (5) P.B. Sagriddy, a
12 nephrologist at San Joaquin Kidney Clinic, Inc.; (6) Kent, a supervisor at Davita Healthcare, Inc.
13 (Davita); (7) Carman, a registered nurse with Davita; (8) C. Russell, a record analyst with Davita;
14 (9) S. Davis, a record analyst with Davita; and (10) Irene, a technician with Davita Id.

15 Finally, Plaintiff names two other defendants but either does not clearly identify
16 their name or the source of their employment. Id. at 1–2, 24 Plaintiff names as a defendant an
17 unidentified "Davita Register Nurse." Id. at 2. He also names as a defendant a Dr. White, a medical
18 doctor. See id. at 24. It is unclear if White is a CDCR employee or privately employed. See id.

19 Plaintiff's fifty-eight-page complaint is meandering, imprecise, and difficult to
20 follow. See generally id. Plaintiff builds his complaint from disjointed discussion of specific events
21 interspersed with broad legal conclusions. Id. Due to the length of the complaint, the Court provides
22 a summary below.

23 The complaint lacks a clear chronology, but it appears that Plaintiff must regularly
24 receive dialysis treatments. Defendants allegedly restrained Plaintiff against his will during those
25 treatments. Variously, Defendants also either delayed his access to medical treatment or altogether
26 denied it. Plaintiff complains that Defendants' use of restraints was contrary to CDCR policy and
27 done in retaliation for his reporting the murder of another inmate to the media. Defendants
28 disregarded the harm caused by the restraints, which damaged Plaintiff's arteries. Defendants also

3

disregarded his worsening condition stemming from the refusals to treat him. He variously experienced a life-threatening drop in blood pressure, developed an infection due to placement of an infected catheter in his penis, experienced pain from an improperly placed catheter in his chest, and may have experienced blood clots from Defendants' applications of restraints during dialysis.[3]

Plaintiff, on multiple occasions, complained about his poor treatment, as well as the inferior treatment that Defendants provided to another inmate leading to the inmate's death. As a result, Defendants threatened Plaintiff, placed him in isolation, delayed his medical care, and ultimately effectively denied him care (e.g., dialysis). Plaintiff contends that no white inmates were placed in restraints during their medical treatments. Plaintiff thus concludes across his various assertions that Defendants violated his First, Eighth, and Fourteenth Amendments rights.

### III. DISCUSSION

The Court previously screened Plaintiff's fifty-eight-page second amended complaint and dismissed it with leave to amend. ECF No. 33. The Court granted Plaintiff leave to amend so that he could attempt to cure the several defective claims that the Court identified. See generally id. The Court notified Plaintiff previously that Plaintiff had not stated claims against privately-employed defendants and that Plaintiff had neglected to discuss several individuals named as defendants. See id. at 5–8. Plaintiff has now submitted a third amended complaint. ECF No. 34.

Plaintiff's new submission, however, appears to be almost uniformly the same as his prior complaint. Compare ECF No. 30, with ECF No. 34. Most pages are exact matches. Compare ECF No. 30, with ECF No. 34. Plaintiff has now attached some seventy additional pages to the complaint. ECF No. 34. The pages appear to be contracts between CDCR and SJGH, as well as between CDCR and San Joaquin Kidney Clinic, Inc. See id. at 58–128. Ostensibly, the agreements are meant to address the defects that the Court identified regarding privately-employed defendants. See id. Plaintiff apparently seeks to establish that these defendants had a sufficient

---

[3] Plaintiff frequently uses terms like "clott off," "clotting," or "clotting off." See, e.g., ECF No. 30 at 13, 16–18. Plaintiff's use remains puzzling throughout his complaint, as it is unclear whether he means actual blood clotting during his dialysis treatments, or merely that dialysis was hindered. See id. Although logically referring to blood clotting, the complaint can be read both ways, and the Court does not wish to make an assumption undermining Plaintiff's claims. The lack of clarity as to "clotting" informs the Court's decision to dismiss the complaint with leave to amend.

1 connection to the State such that they could be liable under § 1983. See ECF No. 33 at 5–7.

2 The Federal Rules of Civil Procedure do not require any technical form of pleading. Fed. R. Civ. P. 8(d)(1). But Rule 8 does mandate a *short* and *plain* statement that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Even if the factual elements of a cause of action are present in a complaint, if they are scattered and not organized into a short, plain statement of a claim, dismissal for failure to comply with Rule 8 is appropriate. See, e.g., McHenry v. Renne, 84 F.3d 1172, 1177–78 (9th Cir. 1996).

A complaint's length is not, by itself, grounds for dismissal of a complaint. E.g., Hearns v. County of San Bernardino Police Dep't, 530 F.3d 1124, 1131–32 (9th Cir. 2008). Nevertheless, dismissal is permissible when complaints are excessively long, confusing, redundant, conclusory, largely irrelevant, or when it is impossible to designate the claims or against whom they are alleged. See id. at 1130–33. Indeed, although the United States Court of Appeals for the Ninth Circuit has held that verbosity is not alone grounds for dismissal, no precedent has ever sanctioned complaints of unlimited length and unreadability. E.g., United States ex rel. Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058–59 (9th Cir. 2011). At base, a complaint does not comply with Rule 8 if a party cannot determine who is being sued, for what conduct, and on what theory of liability. See, e.g., McHenry, 84 F.3d at 1178. Pleadings that violate Rule 8 defeat the Rule's purpose of giving defendants fair notice of what the claims against them are and the grounds upon which they rest. See id.; Twombly, 550 U.S. at 555.

It is true, of course, that the Court must liberally construe Plaintiff's complaint, especially because this action is a civil rights case E.g., Litmon v. Harris, 768 F.3d 1237, 1241 (9th Cir. 2014). But the Court—to say nothing of thirty-one separate defendants—cannot be expected to wade through a chaotic mass of allegations and facts spread across 129 pages in order to pinpoint the essentials of Plaintiff's claims. E.g., Cafasso, 637 F.3d at 1058–59; McHenry, 84 F.3d at 1178; see Jacobson v. Schwarzenegger, 226 F.R.D. 395, 396–97 (C.D. Cal. 2005). The liberality with which the Court must construe Plaintiff's complaint is not an invitation to wholly disregard the rules that bind each litigant who brings a controversy before the federal judiciary. See Cafasso, 637 F.3d at 1058–59; McHenry, 84 F.3d at 1178–80. It is not the Court's job to cobble together

1  cognizable claims from an inadequate pleading. See Hearns, 530 F.3d at 1132 (citation omitted).

2  The Court acknowledges that Plaintiff's new complaint is an attempt to comply with
3  the Court's previous order. But the submission misses the mark. Haphazardly submitting an
4  additional seventy pages to the Court without explaining their relevance is insufficient. It is unclear
5  to the Court whether Plaintiff even amended his substantive complaint to discuss the CDCR
6  agreements or to discuss previously unmentioned defendants. The Court already combed through
7  Plaintiff's fifty-eight-page complaint in issuing its previous order. The Court declines to comb
8  through a new, 129-page complaint now. The Court will not undertake a side-by-side comparison
9  of Plaintiff's submissions to locate differences scattered across hundreds of pages.

10  The exceptional prolixity of Plaintiff's complaint, combined with its general
11  impenetrability and meandering nature, warrant dismissal under Rule 8. See Cafasso, 637 F.3d at
12  1058–59; McHenry, 84 F.3d at 1178–80; see also Hearns, 530 F.3d at 1130–33 (citing cases in
13  which the Ninth Circuit upheld dismissal of a complaint under Rule 8); Calloway v. Martel, No.
14  2:20-cv-01384-CKD P, 2021 WL 215574, at *2 (E.D. Cal. Jan. 21, 2021).

15  The Court will grant Plaintiff leave to amend. Plaintiff must comply with both Rule
16  8 *and* the Court's prior screening order. Plaintiff should clearly address the defects that the Court
17  identified in its prior order. And he should also *concisely* and plainly identify the defendants he is
18  suing, why he sues those defendants, and what relief he is seeking. See Fed. R. Civ. P. 8(a); see
19  also Cafasso, 637 F.3d at 1058–59; McHenry, 84 F.3d at 1178–80. Continued failure to materially
20  follow screening orders or the Federal Rules may result in the Court recommending dismissal under
21  Federal Rule of Civil Procedure 41(b).

## IV. CONCLUSION

23  Because it is possible that the deficiencies identified in this order may be cured by
24  amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122,
25  1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended
26  complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.
27  1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in
28  order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint

must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's third amended complaint (ECF No. 34) is dismissed with leave to amend.

2. Plaintiff shall file a fourth amended complaint within 30 days of the date of this order.

3. The Clerk of the Court is directed to send Plaintiff a copy of the Court's previous screening order (ECF No. 33) alongside a copy of the present order.

Dated:  August 13, 2021

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

7