**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:16-CV-2532-WBS-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of limited counsel, ECF No. 43.

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is

dispositive and both must be viewed together before reaching a decision. See id. In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim. The facts he alleged and the issues he raised were not of substantial complexity. The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff contends, inter alia, that in light of his mental and physical health conditions and the complexities of this case, he is entitled to the appointment of limited counsel to cure or fix deficiencies in his complaint and serve all properly-joined defendants. See generally ECF No. 43. Plaintiff also submits letters of rejection from several law firms and several records of medical care as supporting documentation for his request. See id., Exhibits A and B.

Plaintiff's motion for the appointment of limited counsel fails to satisfy either factor of the "exceptional circumstances" standard. First, Plaintiff has demonstrated a clear ability to articulate his claim on his own in light of the complexity of the legal issues involved. His fourth amended complaint, ECF No. 40, cites several highly specific causes of action and statutory justifications for the Court's jurisdiction. See generally, id. Despite the deficiencies cited, Plaintiff has demonstrated an ability to present specific theories of his case, including retaliation and Eighth Amendment and Americans with Disabilities Act violations. See generally, id. Plaintiff also cites case law in the correct format in at least three distinct instances. See id. at 22, 25, 26. It thus appears that Plaintiff has demonstrated the ability to conduct legal research without the assistance of counsel. If Plaintiff feels that his access to the law library to conduct research is being unduly restricted, he must present such a claim specifically. See ECF No. 43, pg. 5. However, at this time, Plaintiff has provided no basis on which to conclude that he is incapable of articulating his claim on his own.

/ / /

/ / /

Second, Plaintiff has failed to present a cogent argument or evidence to support the proposition that this case is likely to succeed on the merits. For example, Plaintiff asserts that his dialysis was withheld, allegedly as retaliation for his litigation and grievances. ECF No. 43, pg 7. However, although he submits a selection of medical records, he presents no evidence which would indicate such a gap in his treatment took place, or the basis for any alleged gap that could be demonstrated. Id.

Plaintiff also claims to have gained access to relevant emails which would directly support his claims of misconduct, see id. at 8, but such emails, if they exist, have never been submitted to this Court. This Court cannot assess the possibility of success on the merits without such evidence. Furthermore, evidence Plaintiff submitted with this motion appears to *contradict* allegations submitted in his fourth amended complaint. Plaintiff's fourth amended complaint, ECF No. 40, pg. 15, alleges that Defendants' malicious conduct and abuse resulted in the clotting of his dialysis port. However, medical records attached to the present motion indicate that the clot resulted from Plaintiff's low blood pressure, a chronic condition he has had since 2009. See ECF No. 43, Exhibit B, pg. 28. If the assessment in these records has been deemed incorrect by a different medical professional, Plaintiff has not indicated this to be the case or provided substantiating evidence to that effect.

Finally, Plaintiff's claim remains in the preliminary stages of the litigation process, and has not yet passed initial screening. Plaintiff's matter concerns, e.g., the need "to gather unlimited amounts of documented evidence and records of emials [sic] and confidential files," id. at 5, or the possibility of expert testimony, see id. at 9, are premature.

In light of Plaintiff's ability to articulate his claims relative to the complexity of the legal issues, as well as Plaintiff's failure to demonstrate the likelihood of success on the merits, Plaintiff fails to meet the "exceptional circumstances" standard required for the appointment of counsel.

///

///

///

3

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 43, is denied.

Dated: June 3, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE