# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:16-CV-2532-WBS-DMC-P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion, ECF No. 41, for injunctive relief.

The legal principles applicable to requests for injunctive relief, including temporary restraining orders or preliminary injunctions, are well established. To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction. See Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 129 S.Ct. 365 (2008)). To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable." Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009). Under Winter, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an

injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is in the public interest. See Stormans, 586 F.3d at 1127 (citing Winter, 129 S.Ct. at 374). The court cannot, however, issue an order against individuals who are not parties to the action. See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 112 (1969). Moreover, if an inmate is seeking injunctive relief with respect to conditions of confinement, the prisoner's transfer to another prison renders the request for injunctive relief moot, unless there is some evidence of an expectation of being transferred back. See Prieser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.3d 517, 519 (9th Cir. 1991) (per curiam).

Here, Plaintiff seeks an order to prevent the "CHCF-Stockton Defendants" from alleged acts of retaliation and denial of access to the courts. See ECF No. 41, pgs. 1-2. Plaintiff asks the Court to prevent what he claims are "retaliatory transfers" out of the California Health Care Facility (CHCF), where Plaintiff states he is able to obtain necessary medical care. Id. at 6.

The Court finds that injunctive relief is not appropriate at this time. Specifically, Plaintiff has not demonstrated a likelihood of success on the merits of this claims in this case, which relate to denial of medical care and not alleged retaliation or denial of access to the courts. Further, in the current motion Plaintiff merely lists "CHCF-Stockton Defendants" but does not name any particular individuals. Thus, the Court cannot determine whether Plaintiff is seeking injunctive relief against individuals who are actually defendants to this action. Finally, Plaintiff has not demonstrated that he is likely to suffer irreparable injury. In this regard, the Court notes that Plaintiff is currently housed at the California Health Care Facility and Plaintiff has not provided any evidence indicating that he will be transferred out of this facility. The Court additionally notes that Documents attached to Plaintiff's motion for injunctive relief show Plaintiff is classified as a "high risk" medical inmate who requires a "renal diet." Id. at 11.

/ / /

/ / /

/ / /

/ / /

/ / /

Based on the foregoing, the undersigned recommends that Plaintiff's motion for injunctive relief, ECF No. 41, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: June 13, 2022

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE