IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY, | No. 2:16-CV-2532-WBS-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

   Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's renewed motion for the appointment of counsel and to stay discovery, ECF No. 94. Also before the Court is Plaintiff's motion for an extension of time, ECF No. 102.

   The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the

1  complexity of the legal issues involved.  See Terrell, 935 F.2d at 1017.  Neither factor is
2  dispositive, and both must be viewed together before reaching a decision.  See id.  In Terrell, the
3  Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment
4  of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.
>
> Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances. Plaintiff contends that his physical health conditions and the complexities of this case require that counsel be appointed. See ECF No. 94.  Plaintiff does not assert that his declining health has affected his ability to properly articulate his claims. To the contrary based on the pleadings and other filings in this case, Plaintiff has shown his ability to adequately articulate his claims notwithstanding his health issues.  In particular, the Court notes that, since filing the pending motion for appointment of counsel, Plaintiff has filed a motion for an extension of time as well as an opposition to a pending motion to compel.  See ECF Nos. 102 and 103. Additionally, Plaintiff has not demonstrated any particular likelihood of success on the merits of this case. As such, Plaintiff has not demonstrated exceptional circumstances warranting the appointment of counsel.

In his motion for an extension of time, Plaintiff seeks additional time to file an opposition to a motion to compel filed by Defendants Abu, Duffy, and Clark.[1]  See ECF No. 102. Good cause appearing therefor, Plaintiff's motion will be granted, and the opposition brief filed on June 16, 2025, ECF No. 103, shall be deemed timely.  Defendants Abu, Duffy, and Clark have filed a reply and their motion to compel will be addressed by separate order.

/ / /

/ / /

---

[1] A separate motion to compel was filed by Defendant Segriddy on June 11, 2025.  See ECF No. 101.  The Court will provide Plaintiff additional time to respond to that motion.

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's renewed request for the appointment of counsel and to stay discovery, ECF No. 94, is denied.

2. Plaintiff's motion for an extension of time, ECF No. 102, is granted.

3. Plaintiff's opposition brief filed on June 16, 2025, ECF No. 103, is deemed timely.

4. Plaintiff's opposition to Defendant Segriddy's motion to compel, ECF No. 101, is due within 30 days of the date of this order.

Dated: July 3, 2025

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE