**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMISI JERMAINE CALLOWAY, | No. 2:16-CV-2532-WBS-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| L. DONNELLY, et al., | |
| Defendants. | |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983. Pending before the Court are Defendants' motions to compel Plaintiff's responses to written discovery requests. See ECF Nos. 99, 101, and 112. Specifically, the following relief is sought: Defendants Duffy, Abu, and Clark move to compel Plaintiff's initial responses to requests for production of documents, interrogatories, and requests for admissions, see ECF No. 99; Defendant Sagireddy moves to compel Plaintiff's initial response to requests for production of documents and interrogatories, see ECF No. 101; and Defendants Frank and Foroutan move to compel Plaintiff's initial responses to requests for production of documents, interrogatories, and requests for admissions, see ECF No. 112. For the reasons discussed below, Defendants' motions will be granted.

///

///

1

Defendants' motions are supported by declarations of counsel with attached exhibits indicating the timely service of various written discovery requests on Plaintiff.  See ECF Nos. 99, pgs. 8-38 (Arbiter declaration and exhibits), 101-2 (Ambriz declaration and exhibits), and 112, pgs. 10-66 (Clark declaration and exhibits).  The supporting declarations also establish that, to date, Plaintiff has not provided any responses to outstanding written discovery requests.  See id.  Given Plaintiff's failure to respond to written discovery, the Court will grant Defendants' motions as to interrogatories and requests for production of documents.  See Fed. R. Civ. P. 37(a).  With respect to interrogatories, Plaintiff shall be required to serve responses without objections.  See Fed. R. Civ. P. 33(b)(4).  With respect to requests for admissions, the matters set forth in Defendants' requests are deemed admitted.  See Fed. R. Civ. P. 36(a)(3).

Plaintiff is cautioned that failure to timely comply with this order in its entirety may result in terminating sanctions.[1]  See Fed. R. Civ. P. 37(b); see also Local Rule 110.

Accordingly, IT IS HEREBY ORDERED as follows:

1.    Defendants' motions to compel, ECF Nos. 99, 101, and 112, are granted.

2.    Within 30 days of the date of this order, Plaintiff shall do the following:

   a.    Serve, without objections, answers to all interrogatories served by Defendants Duffy, Abu, Clark, Sagireddy, Frank, and Foroutan.

   b.    Serve responses to all requests for production of documents served by Defendants Duffy, Abu, Clark, Sagireddy, Frank, and Foroutan and produce the requested documents.

3.    Matters set forth in requests for admissions served by Defendants Duffy, Abu, Clark, Frank, and Foroutan are deemed admitted.

///

---

[1]    The Court notes that Defendants Duffy, Abu, and Clark have filed a motion for terminating sanctions, joined by Defendants Sagireddy, Frank, and Foroutan.  See ECF Nos. 110, 111, and 113.  These motions will be stricken as having prematurely filed before the Court has issued any order compelling discovery responses and before Plaintiff has failed to comply with such order.  See Fed. R. Civ. P. 37(b)(2)(A)(v) (dismissal sanctions appropriate for failure to comply with a court order regarding discovery).  Should Plaintiff fail to comply with this order, the Court will entertain a renewed motion for terminating sanctions.

2

4.     Defendants' motion for terminating sanctions and joinders thereto, ECF Nos. 110, 111, and 113, are stricken as having been prematurely filed.

5.     Dispositive motions are due within 90 days of the date of this order.

Dated:  February 11, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

3